UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ELISA RAMOS,

        Plaintiff,

   v.

WELLS FARGO BANK, N.A., et al.

        Defendants.
_____/

CIV No. 2:13-cv-00571- KJM CKD

ORDER

        On February 15, 2013, plaintiff Elisa Ramos initiated the present action against defendants Wells Fargo Home Mortgage ("Wells Fargo") and Regional Trustee Services Corporation in Solano County Superior Court. (ECF 1 at 19.) Wells Fargo removed the case on March 22, 2013, citing this court's diversity jurisdiction under 28 U.S.C. § 1332(a). (ECF 1.) Plaintiff filed a motion to remand on March 28, 2013. (ECF 4.)[1] Wells Fargo filed a motion in opposition to plaintiff's motion to remand on April 26, 2013. (ECF 9.) Plaintiff filed a reply on May 5, 2013. (ECF 13.) Wells Fargo filed a motion to dismiss on March 29, 2013, to which plaintiff filed an opposition on April 26, 2013. (ECF 5, 8.)

/////

/////

/////

---

[1] This motion was submitted without oral argument. *See* E.D. Local Rule 230.

I.      STANDARD

The federal removal statute, 28 U.S.C. § 1441(a), provides: "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1332 provides that this court has original jurisdiction over cases in which the amount in controversy exceeds $75,000 and the parties are completely diverse.  The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988); *Takeda v. Northwestern Nat'l Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir.1985)). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id*. (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)). There is a "strong presumption" against removal jurisdiction, which "means that the defendant always has the burden of establishing that removal is proper." *Id*.  Accordingly, "the court resolves all ambiguity in favor of remand to state court." *Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009).

II.     CITIZENSHIP OF WELLS FARGO, N.A.

Under 28 U.S.C. § 1348, national banking associations shall "be deemed citizens of the States in which they are respectively located." Plaintiff is a citizen of California and alleges that defendant Wells Fargo Bank, N.A. is "located" in California, and hence a citizen, because it maintains its principal place of business here; as a result, complete diversity is absent. (ECF 4 at 2.)  Relying on *Wachovia Bank v. Schmidt*, 546 U.S. 303 (2006), Wells Fargo argues it is only "located" in South Dakota, where its main office is located.  (ECF 9 at 6.)  Whether a national bank is "located" in the state where it maintains its principal place of business, in addition to the state where it has its main office, is an issue that has led to splits both within the

1 circuit[2] and among circuits,[3] which the Ninth Circuit has declined to resolve.  *See Peralta v. Countrywide Home Loans, Inc*., 375 Fed. Appx. 784, 785 (9th Cir. 2010) (holding that CAFA does not require resolution of Countrywide Bank's citizenship, thus avoiding deciding whether Countrywide Bank is also a citizen of California.).  This court found in *Humburg v. Wells Fargo, N.A.*, that Wells Fargo is a citizen of California.[4]  *See* Case No. 12-cv-00999 KJM CKD (E.D. Cal. Aug. 29, 2012) (following the decision in *Taheny* that because Wells Fargo's principal place of business is in California, it is a citizen of California).  The court declines to revisit its position adopted in that case.

Because defendant Wells Fargo, N.A. has its primary place of business in California, it is a citizen of California.  As a result, complete diversity is absent and this court lacks jurisdiction.

/////

/////

/////

---

[2]  The intra-circuit split has significant support on both sides.  *See Rodriguez v. Wells Fargo Bank, Nat. Ass'n*, No. 12–cv–469–BEN (BGS), 2012 WL 1940572, at *1, 4 (S.D. Cal. May 25, 2012) (acknowledging the intra-circuit split and declining to conclude that Wells Fargo's approach is supported by the weight of case law); *Taheny v. Wells Fargo Bank, N.A.*, 878 F. Supp. 2d 1093, 1094 n.1  (E.D. Cal. 2012) (listing district court decisions on both sides of the split).

[3]  Both the Fifth Circuit and Seventh Circuit have held that a national bank is a citizen of the state of its principal place of business.  *Horton v. Bank One, N.A.*, 387 F.3d 426, 436 (5th Cir. 2004); *Firstar Bank N.A. v. Foul*, 253 F.3d 982, 994 (7th Cir. 2001).  The Eighth Circuit has rejected that analysis and held that a national bank is only a citizen of the state in which it has its main office.  *Wells Fargo Bank, N.A. v. WMR e-PIN*, LLC, 653 F.3d 702, 709 (8th Cir. 2011).

[4] Recent cases from other federal district courts in California have held that Wells Fargo, N.A. is a citizen of California.  *See, e.g.*,  *Adams v. Wells Fargo Bank, N.A.*, 2:13-CV-00256-MCE, 2013 WL 1907746 (E.D. Cal. May 7, 2013); *Ortiz v. Wells Fargo Bank, N.A.*, 13-CV-0060-GPC-BLM, 2013 WL 1702790 (S.D. Cal. Apr. 19, 2013) (holding that Wells Fargo, N.A. is a citizen of California under the test outlined by the Ninth Circuit in *American Surety,* which was relied on by the *Taheny* court); *Singer v. Wells Fargo Bank, N.A.*, SACV 12-801 JVS JPRX, 2012 WL 2847790 (C.D. Cal. July 11, 2012) (agreeing with the reasoning in *Taheny* to hold that Wells Fargo, N.A. is a citizen of California.); *Grace v. Wells Fargo Bank, N.A.*, 12CV2050-GPC-NLS, 2013 WL 663169 (S.D. Cal. Feb. 21, 2013) (citing *Taheny* to hold that Wells Fargo has California citizenship).

III.     CONCLUSION

        This case is remanded to Solano County Superior Court.  Wells Fargo's motion to dismiss is denied for lack of subject-matter jurisdiction.  This case is closed.

        IT IS SO ORDERED.

DATED: May 23, 2013.

_____
UNITED STATES DISTRICT JUDGE